UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KEVIN DAVIS,

        Plaintiff,

vs.

HAIRSTYLIST MANAGEMENT
SYSTEMS, INC.,

        Defendant.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, KEVIN DAVIS, through counsel, sues Defendant, HAIRSTYLIST MANAGEMENT SYSTEMS, INC. and alleges the following:

1. This is an action for unpaid overtime brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2. Plaintiff resides in Florida and is a past employee of Defendant.

3. Defendant, HAIRSTYLIST MANAGEMENT SYSTEMS, INC. is a foreign for-profit corporation which is registered with the State of Florida and is conducting business within this judicial district.

4. At all times material hereto, Defendant HAIRSTYLIST MANAGEMENT SYSTEMS, INC. was engaged in commerce in the field of operating spas and hair salons throughout the United States. In furtherance of said business, Defendant's employees handled, sold, or otherwise worked on goods or materials that have been moved in or produced for such commerce.

5. At all times material hereto, Defendant HAIRSTYLIST MANAGEMENT SYSTEMS, INC. was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and began working for Defendant as an hourly manager. Plaintiff was promised pay of $14 per hour for all hours worked plus commission on certain products sold.

7. During Plaintiff's employment (specifically from about 8/1/14 to 12/24/15), Plaintiff worked 62-65 hours per work week and was typically paid for only 40 hours per week as management directed him to deliberately underreport his time.

8. Plaintiff accrued approximate damages representing unpaid overtime in the following amount:

   * 23.5 hours per week x 72.8 weeks x $14 per hour x 1.5 (overtime premium) x 2 (liquidated damages) = $71.853.60[1]

9. Defendant knowingly and willfully refused to tender payment of wages owed to Plaintiff.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

---

[1] Plaintiff's regular rate of pay is understated as commission was not factored into the above approximation. Plaintiff will amend his calculations once documents are obtained in discovery.

## COUNT I
## **VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**

12. Plaintiff reavers and realleges paragraphs 1-11 herein.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendant plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate

Loren Law Group
100 South Pine Island Rd – Suite 132
Plantation, FL 33324
Phone:       (954)585-4878
Facsimile:   (954)585-4886
E-Mail:      JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409